

1  Paul Burglin (CABN # 118081)
   MITCHELL, HEDIN, BREINER,
2  EHLENBACH & BURGLIN
   Courthouse Square
3  1000 Fourth Street, Suite 570
   San Rafael, CA  94901
4  (415) 453-0534

5  Attorney for Defendant,
   Alexander Mitchell Shaw.

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 14  UNITED STATES OF AMERICA, | ) | Case No. CR008-0302-MAG |
| 15                    Plaintiff, | ) ) | **NOTICE OF DEFENDANT'S** |
| 16                 vs. | ) ) ) | **MOTION, AND MOTION, FOR ORDER SUPPRESSING EVIDENCE, WITH DECLARATION AND POINTS** |
| 17  ALEXANDER MITHCELL SHAW, | ) ) | **AND AUTHORITIES IN SUPPORT THEREOF** |
| 18                    Defendant. | ) ) | DATE:  7/23/08 |
| 19 | ) ) | TIME:  10:30 a.m. |
| 20 | ) | ROOM: C - 15th Fl |

21  **TO THE UNITED STATES ATTORNEY**:

22      **PLEASE TAKE NOTICE** that on the aforementioned date and time, or as soon thereafter as

23  the matter may be heard, Defendant will, by and through his attorney, move for an Order

24  suppressing from evidence at trial the following described evidence:

25      1. Testimony concerning observations of defendant obtained after his detention;

MOTION TO SUPPRESS EVIDENCE - 1

2. All statements purportedly made by defendant following his detention; and

3. The Alco-Sensor and Intoxilyzer 5000 test results.

Said motion will be based upon this Notice, the Points and Authorities attached hereto, and upon such further oral and documentary evidence as may be received at the hearing on said motion.

DATED: June 25, 2008

PAUL BURGLIN
Attorney for Defendant

## STATEMENT OF THE CASE

Officer Gerald Michael ["MICHAEL"] of the United States Park Police asserts in his police report that he observed two men walking near the "Festival Pavilion at Lower Fort Mason" after a wine event supervisor pointed them out and told him that they had too much to drink. MICHAEL goes on to state in his report that he observed the two men laughing and swaying as one of them pushed a wheeled dolly with boxes on it toward a blue Mazda sedan. He states that after the men loaded the boxes into the Mazda, he saw them walk back toward the pavilion. He states that "[a]pproximately five minutes later" he observed the same vehicle being driven toward the exit and made an enforcement stop of it.

The operator of the vehicle was identified by MICHAEL as Defendant ALEX SHAW. Following his detention, various statements were obtained from Defendant, and observations were made of him in the course of field sobriety tests and otherwise. In addition thereto, the police obtained breath-alcohol evidence from Defendant via Alco-Sensor and Intoxilzyer 5000 testing.

## POINTS & AUTHORITIES

Defendant maintains that he was driving in a safe, prudent, and legal manner, that the police had no legal basis for detaining him, and that the initial detention of him was unreasonable and a violation of the Fourth Amendment.

Absent proof by the government that its constable had probable cause to believe that Defendant was violating a traffic or equipment regulation, or committing some other criminal offense, the warrantless detention of him remains presumptively a violation of the Fourth Amendment. *Delaware v. Prouse* (1979) 440 U.S. 648 and *Katz v. U.S.* (1967) 389 U.S. 347, 357.

Defendant asserts that the initial detention was unreasonable in this matter because there was nothing about the manner in which the vehicle was being driven or the vehicle operator's conduct that created an exception to the warrant requirement. "The Fourth Amendment's requirement that searches and seizures be founded upon an objective justification, governs all seizures of the person, "including seizures that involve only a brief detention short of traditional arrest. *U.S. v. Mendenhall* (1980) 446 U.S. 544, 551, citing *Davis v. Mississippi* (1969) 394 U.S. 721, *Terry v. Ohio* (1968) 392 U.S. 1, 16-19, and *United States v. Brignoni-Ponce* (1975) 422 U.S. 873, 878. It is clear that the enforcement stop of Defendant and his vehicle was a seizure within the meaning of the Fourth Amendment.

If the prosecution fails to carry its burden of proof, the accused need do nothing more to be entitled to the suppression of the evidence listed above, since it was fruit of the warrantless and unreasonable detention, *Wong Sun v. United States* (1963) 371 U.S. 471, and it must be

///

///

1    suppressed under the federal exclusionary rule.  Weeks v. U.S. (1914) 232 U.S. 383.

2        DATED:  June 25, 2008

3

4                                                PAUL BURGLIN

5                                                Attorney for Defendant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MOTION TO SUPPRESS EVIDENCE - 4